WILLIAM R. McCULLOUGH AND BERNARD REILLY, AS SHERIFF, ETC., RESPONDENTS, *v.* GEORGE CARRAGAN, APPELLANT.

*Attachment — when wages cannot be levied upon under.*

Wages due to a debtor for services rendered within a period not exceeding the sixty days prior to the levy of an attachment, which are necessary for the support of his family, are not the subject of levy under such attachment.

APPEAL from a judgment adjudging the plaintiffs to be entitled to a fund which had been deposited in court, entered upon the withdrawal by the defendant of a portion of his answer after a demurrer, interposed by the plaintiffs to the residue thereof, had been sustained.

The action was brought to recover a debt attached by the sheriff in a former action brought by the plaintiffs against the defendant.

W. H. Scheiffelin & Co. were the original defendants and appeared, deposited the money in court and asked that George Carragan be substituted as defendant in their place. The court granted the application.

*Theron C. Strong,* for the appellant.

*John Reynolds,* for the respondents.

BARNARD, P. J.:

There is no force in the objection taken by plaintiffs that there is a judgment by default as for want of an answer. The plaintiffs brought this action to recover moneys claimed by defendant upon the ground that the same was his personal earnings within sixty days, and were necessary to the support of defendant's family. A former suit was commenced by attachment against defendant. A debt from Scheiffelin & Co. to Carragan was attached, and it is this debt which this action is brought to collect. Scheiffelin & Co. having deposited the wages to abide the judgment, Carragan answers denying the attachment and the seizure under it, and also setting up the exemption of the money attached. This part of the answer was demurred to and sustained. The only answer left was a denial of the attachment and this answer the defendant withdrew. Judgment was entered up on the complaint and the overruled portion of the pleading.

The part of the answer demurred to was improperly overruled. If the plaintiff had obtained a judgment, against defendant, the court, upon supplementary proceedings, were expressly forbidden from directing the judgment to be paid from the ordinary personal earnings of the debtor, made within sixty days next proceeding the order, when the debtor has a family dependent upon him for support. (Code, § 297.) The intent of the legislature is plain. A man's duty to his family is recognized so far that the personal earnings of such a debtor shall not be seized for debt provided the earnings do not extend back beyond sixty days. In other words that a debtor having a family may always have sixty day's back earnings exempt. If a

chattel be exempt by statute no attachment or execution can take it. This debt is not the subject of levy. It could not be taken under a judgment under proceedings supplementary to execution. An attachment can go no further, although the word attachment is not used in the section which exempts personal earnings from the order in supplementary proceedings. It would be an inharmonious result if the debt were exempt from one form of seizure and not from the other. The intention of the legislature was that no personal earnings of a debtor, with a family supported by him and to whose support the earnings were necessary, could be deprived by judgment from his earnings within sixty days. Whatever cannot be taken by the judgment cannot be taken by the attachment which precedes the judgment and holds the property for it.

The order sustaining the demurrer should be reversed and an order granted that the demurrer be overruled, with leave to plaintiff to withdraw his demurrer and try the issue upon payment of costs, and within twenty days.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Order sustaining demurrer reversed and order granted overruling the demurrer, with leave to plaintiff to withdraw his demurrer and answer within twenty days on payment of costs.